**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In re: | : | Bankruptcy Case 16-31189 |
| Tracy J. Clement, | : | Chapter 11 |
| Debtor. | : | Hon. Michael E. Ridgway |
| | : | |
| Phillip L. Kunkel, as Chapter 11 Trustee, | : | |
| Plaintiff, | : | |
| vs. | : | Adv. Case No. _____ |
| Conrad D. Clement;<br>CUSB Bank; and<br>Citizens State Bank of Hayfield, | : | |
| Defendants. | : | |

**COMPLAINT FOR AUTHORIZATION TO SELL**
**PROPERTY PURSUANT TO § 363(h)**

Phillip L. Kunkel, as the chapter 11 trustee of the Tracy J. Clement bankruptcy estate (the "**Plaintiff**" or "**Trustee**"), by and through his undersigned counsel, brings this Complaint against Conrad Clement ("**Conrad**"), CUSB Bank, f/k/a Cresco Union Savings Bank ("**CUSB**"), and Citizens State Bank of Hayfield ("**Citizens**" and collectively with Conrad and CUSB, the "**Defendants**"). In support thereof, the Trustee states and alleges as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 & 1334, as it is related to the chapter 11 bankruptcy case currently pending in the United States Bankruptcy Court for the District of Minnesota, captioned as *In re Tracy J. Clement*, Case No.

16-31189 (MER).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) as this adversary proceeding is related to a case under title 11 currently pending before this Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (N) and (O).

3. This adversary proceeding is referred to the bankruptcy court pursuant to Local Rule 1070-1. Pursuant to 28 U.S.C. § 157(c)(2), the Trustee consents to the reference of this proceeding to the bankruptcy court to hear, determine, and to enter appropriate orders and judgment.

## PARTIES

4. By order dated September 19, 2017, the Trustee was appointed as the chapter 11 trustee for the Tracy J. Clement bankruptcy estate [Case No. 16-31189, Doc. No. 518].

5. Conrad is a natural person. Upon information and belief, Conrad is a resident of the State of Iowa with an address of 11965 Valley Avenue, Cresco, Howard County, Iowa 52136, and the father of the Debtor.

6. CUSB is a United States banking corporation with it principal place of business at 1533 Main Street, Osage, Iowa 50461.

7. Citizens is a Minnesota banking corporation with its principal place of business at 261 Northeast 1st Avenue, Hayfield, MN 55940.

## BACKGROUND FACTS

8. On April 11, 2016 (the "**Petition Date**"), Tracy J. Clement (the "**Debtor**") commenced a bankruptcy case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code. That case is now pending before this Court.

9. According to the Debtor's schedules, the Debtor holds an interest in the following parcels of real property (collectively, the "**Co-Owned Debtor Properties**"):

| |
|---|
| Parcel Nos. 54.27.13.063616 and 54.27.13.063617 – collectively, the **"Stewartville Property"** Property Address: 103 20th Street, Stewartville, Minnesota 55976 |
| Lots Three (3) and Four (4), Block One (1), Himmer Northside Center, Olmsted County, Minnesota. |
| Parcel No. 33.0134.000 – 33.85 acres – the "**Miller 75 Property**" |
| That part of the Northeast Quarter of the Southeast Quarter (NE 1/4 SE 1/4) and that part of the Northwest Quarter of the Southeast Quarter (NW 1/4 SE 1/4) in Section Nineteen (19), Township One Hundred Two (102), Range Thirteen (13), Fillmore County, Minnesota, described as follows:  Commencing at the Northeast corner of said Northeast Quarter of the Southeast Quarter (NE 1/4 SE 1/4); thence South 00 degrees 08 minutes 58 seconds East (assumed bearing) along the East line of said Northeast Quarter of the Southeast Quarter (NE 1/4 SE 1/4), 795.00 feet to the point of beginning of the tract of land to be herein described; thence South 89 degrees 07 minutes 11 seconds West, 712.36 feet; thence North 00 degrees 08 minutes 58 seconds West, 37.13 feet; thence South 89 degrees 07 minutes 11 seconds West, 1,935.92 feet to the West line of said Northwest Quarter of the Southeast Quarter (NW 1/4 SE 1/4); thence South 00 degrees 15 minutes 57 seconds East along said West line, 563.94 feet to the Southwest corner of said Northwest Quarter of the Southeast Quarter (NW 1/4 SE 1/4); thence North 89 degrees 11 minutes 46 seconds East along the South line of said Northwest Quarter of the Southeast Quarter (NW 1/4 SE 1/4), 1,323.55 feet to the Northwest corner of said Southeast Quarter of the Southeast Quarter (SE 1/4 SE 1/4); thence South 00 degrees 12 minutes 27 seconds East along the West line of said Southeast Quarter of the Southeast Quarter (SE 1/4 SE 1/4), 1,323.57 feet to the Southwest corner of said Southeast Quarter of the Southeast Quarter (SE 1/4 SE 1/4); thence North 89 degrees 16 minutes 22 seconds East along the South line of said Southeast Quarter of the Southeast Quarter (SE 1/4 SE 1/4), 1,322.19 feet to the Southeast corner of said Southeast Quarter of the Southeast Quarter (SE 1/4 SE 1/4); thence North 00 degrees 08 minutes 58 seconds West along the East line of said Southeast Quarter of the Southeast Quarter (SE 1/4 SE 1/4) and along said East line of said Northeast Quarter of the Southeast Quarter (NE 1/4 SE 1/4), 1,855.71 feet to the point of beginning. |
| Parcel No. 33.032.000 – 79 acres – the "**Miller 80 Property**" |
| The North Half of the Northwest Quarter (N 1/2 NW 1/4) of Section Twenty-eight (28), Township One Hundred Two (102), Range Thirteen (13), EXCEPT the East one (1) acre thereof, Fillmore County, Minnesota. |

10. By trust agreement dated December 31, 2002, the Debtor created the Tracy J. Clement Revocable Living Trust Agreement dated 31st day of December 2002 (the "**Debtor's Revocable Trust**").

11. According to the Debtor's schedules, the Debtor, as trustee of the Debtor's Revocable Trust, has an interest in the following parcel of real property (the "**Co-Owned Trust Property**", and together with the Co-Owned Debtor Properties, the "**Co-Owned Properties**"):

> Parcel Nos. 09.023.0010, 09.023.031, and 09.026.0010 – collectively, the "**Nolts Property**"
>
> Parcel No. 09.023.0010 – 120 acres
>
> > The East 120 acres of the Southeast Quarter (SE 1/4) of Section Twenty-three (23), Township One Hundred One (101) North, Range Fourteen (14) West, Mower County, Minnesota.
>
> Parcel No. 09.023.0031 – 80 acres
>
> > The East Half of the East Half of the Southwest Quarter (E 1/2 E 1/2 SW 1/4); AND the West Half of the West Half of the Southeast Quarter (W 1/2 W 1/2 SE 1/4) of Section Twenty-three (23), Township One Hundred One (101) North, Range Fourteen (14) West, Mower County, Minnesota.
>
> Parcel No. 09.026.0010 – 199.90 acres
>
> > The South One-Half of the Northwest Quarter (S 1/2 NW 1/4) of Section Twenty-six (26), Township One Hundred One (101) North, Range Fourteen (14) West, Mower County, Minnesota, excepting therefrom as follows: Commencing at the Southwest corner of the Northwest Quarter (NW 1/4) of said Section Twenty-six (26); thence East a distance of 1,155.00 feet on the South line of said Northwest Quarter (NW 1/4) to the point of beginning; thence East a distance of 510.00 feet on the South line of said Northwest Quarter (NW 1/4); thence North a distance of 854.12 feet at right angle; thence West a distance of 510 00 feet at a right angle; thence South a distance of 854.12 feet at a right angle to the point of beginning; subject to highway easement on the Southerly-most side thereof.
>
> > AND
>
> > The Northeast Quarter (NE 1/4) of Section Twenty-six (26), Township One Hundred One (101), Range Fourteen (14), Mower County, Minnesota.

12. Based upon the Trustee's investigation, he is not certain that the Debtor's schedules are accurate with regard to the Nolts property. Upon information and belief, the title to the Nolts property may be held by the Debtor.

4

13. According to the Debtor's schedules and amended disclosure statement, the Co-Owned Properties were jointly owned on the Petition Date by Conrad and the Debtor, either individually or as trustee of the Debtor's Revocable Trust.

14. On January 4, 2018, the Court entered judgment determining the Co-Owned Trust Property is property of the Debtor's bankruptcy estate. [Adv. No. 17-03118, Doc. No. 11].

### *A.     The Stewartville Property*

15. Since the Petition Date, Conrad has conveyed his interest in the Stewartville property to CUSB. As a result of such conveyance, CUSB is now the co-owner of the Stewartville Property with the Debtor.

16. Upon information and belief, the Stewartville Property may be subject to a lease in favor of Sanco Enterprises.

17. Upon information and belief, the Stewartville Property is also encumbered by that certain Real Estate Mortgage (With Future Advance Clause) in the principal amount of $2,500,000.00 executed and delivered by Conrad to and in favor of CUSB, dated November 24, 2008, and recorded with the Office of the County Recorder in and for Olmstead County Minnesota, on December 2, 2008, as Document No. A-1184885 (the "**Conrad CUSB Stewartville Mortgage**").

18. Upon information and belief, CUSB and Conrad entered into a Memorandum of Extension Agreement to extend the Conrad CUSB Stewartville Mortgage dated November 24, 2011, and recorded with the Office of the County Recorder in and for Olmstead County Minnesota, on December 5, 2011, as Document No. A-1274324.

19. Upon information and belief, the Stewartville Property is also encumbered by that certain Real Estate Mortgage (With Future Advance Clause) in the principal amount of $817,276.00, executed and delivered by the Debtor to and in favor of CUSB, dated June 28, 2012, and recorded with the Office of the County Recorder in and for Olmstead County Minnesota, on July 6, 2012, as Document No. A-1292715 (the "**Debtor's CUSB Stewartville**

**Mortgage**" and together with the Conrad CUSB Stewartville Mortgage, the "**Stewartville Property Mortgage**").

20. According to the Office of the Olmstead County Auditor Treasurer, the Stewartville Property has a collective estimated market value of $1,064,800.00.

21. Partition in kind of the Stewartsville Property is impractical.

### B. *The Miller 75 Property*

22. The Miller 75 Property consists of approximately 33.85 acres of tillable non-homestead agricultural land which has been jointly farmed by the Debtor and Conrad.

23. Upon information and belief, the Miller 75 Property is encumbered that certain Real Estate Mortgage in the principal amount of $742,500.00, executed and delivered by Conrad and the Debtor, personally and in his capacity as trustee of the Debtor's Revocable Trust to and in favor of Citizens State Bank of Hayfield ("**CSB**"), dated September 26, 2012, and recorded with the Office of the County Recorder in and for Fillmore County, Minnesota, on December 3, 2012, as Document No. 391858 (the "**CSB Joint Mortgage-1**").

24. Upon information and belief, CSB assigned its interest in the CSB Joint Mortgage 1 to CUSB pursuant to an Assignment of Promissory Note, Mortgage, and Other Loan Documents.

25. Upon information and belief, Debtor, not personally but in his capacity as as trustee of the Debtor's Revocable Trust, executed and delivered that certain Real Estate Mortgage (With Future Advance Clause) For Revolving Line of Credit in the principal amount of $9,163,761.36 to and in favor of CUSB over the Miller 75 Property, dated May 19, 2015, filed record in the Office of the County Recorder in and for Mower County, Minnesota, on May 19, 2015, as Document No. A000619799, and also filed for record in the Office of the County Recorder in and for Fillmore County, Minnesota, on May 19, 2015, as Document No. 403694 (the "**Debtor's CUSB Mortgage**").

26. According to the Office of the Fillmore County Auditor-Treasurer, the estimated market value of the Miller 75 Property for the 2017 tax year is $209,000.00.

27. Partition in kind of the Miller 75 Property is impractical.

## C. *The Miller 80 Property*

28. The Miller 80 Property consists of approximately 79 acres of tillable non-homestead agricultural land which has been jointly farmed by the Debtor and Conrad.

29. Upon information and belief, the Miller 80 Property is encumbered by the CSB Joint Mortgage-1, which was assigned to CUSB.

30. Upon information and belief, Debtor, not personally but in his capacity as as trustee of the Debtor's Revocable Trust, executed and delivered the Debtor's CUSB Mortgage over the Miller 80 Property.

31. According to the Office of the Fillmore County Auditor-Treasurer, the estimated market value of the Miller 80 Property for the 2017 tax year is $489,700.00.

32. Partition in kind of the Miller 80 Property is impractical.

## D. *The Nolts Property*

33. The Nolts Property consists of total of approximately 400.00 acres of tillable non-homestead agricultural land which was jointly farmed by the Debtor and the Defendant in the past.

34. Upon information and belief, the Nolts Property is encumbered by: (i) that certain Real Estate Mortgage (With Future Advance Clause) executed and delivered jointly by the Debtor and Nancy Clement, husband and wife, and Conrad, to and in favor of CSB in the principal amount of $700,000.00, dated April 16, 2007, filed for record in the Office of the County Recorder in and for Mower County, Minnesota, on April 17, 2007, as Document No. A000558419 ("**CSB Joint Mortgage-2**"); (ii) that certain Real Estate Mortgage (With Future Advance Clause) executed and delivered jointly by the Debtor and Nancy Clement, husband and wife, and Conrad, to and in favor of CSB in the principal amount of $87,500.00, dated April 16, 2007, filed for record in the Office of the County Recorder in and for Mower County, Minnesota, on April 17, 2007, as Document No. A000558420 ("**CSB Joint Mortgage-3**"); (iii) that certain Real Estate Mortgage (With Future Advance Clause) executed and delivered jointly by the

7

Debtor and Nancy Clement, husband and wife, and Conrad, to and in favor of CSB in the principal amount of $787,500.00, dated April 16, 2007, filed for record in the Office of the County Recorder in and for Mower County, Minnesota, on April 17, 2007, as Document No. A000558421 ("**CSB Joint Mortgage-4**," and together with CSB Joint Mortgage-1, CSB Joint Mortgage-2, and CSB Joint Mortgage-3, the "**CSB Joint Mortgages**").

35. Upon information and belief, Debtor, not personally but in his capacity as as trustee of the Debtor's Revocable Trust, executed and delivered the CUSB Mortgage over the Nolts Property.

36. According to the Office of the Mower County Auditor Treasurer, the Nolts Property has a collective estimated market value of $2,321,000.00.

37. Partition in kind of the Nolts Property is impractical.

## CLAIM FOR RELIEF

### COUNT I:
### SALE OF THE CO-OWNED PROPERTIES PURSUANT TO SECTION 363(h)
### (Stewartsville Property)

38. The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

39. 11 U.S.C. § 363(h) authorizes the Trustee to sell both the estate's interest in the property and the interest of any co-owner if:

> (1) partition in kind of such property among the estate and such co-owners is impractical;
>
> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>
> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
>
> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or synthetic gas for heat, light, or power.

40. Upon information and belief, CUSB and the Debtor are the co-owners of the

8

Stewartville Property.

41. The Trustee understands CUSB will consent to the sale of the Stewartville Property free of the co-ownership interest of CUSB pursuant to 11 U.S.C. §§ 363(b) and (h).

42. Partition in kind of the Co-Owned Properties is impracticable, given (a) the presence of the structures, in the case of the Stewartville Property; and (b) the liens on the undivided interests of the Debtor and Conrad in the Co-Owned Properties.

43. The sale of the Debtor's undivided interest in the Stewartsville Property would realize significantly less for the estate than sale of such property free of the interests of Defendants.

44. The benefit to the estate of a sale of the Stewartsville Property free of the interests of the Defendants outweighs the detriment, if any, to Defendants, as CUSB will receive its share of the proceeds from the sale and would be permitted to purchase the interests of the Debtor at any liquidation of the Co-Owned Properties by the Trustee.

45. Upon information and belief, the Stewartsville Property is not used in the production, transmission, or distribution of electric energy or of natural or synthetic gas for heat, light, or power.

46. Based on the foregoing, the Trustee has the authority to sell both the estate's interest and CUSB's interest in the Stewartsville Property.

### COUNT II: SALE OF THE CO-OWNED PROPERTIES PURSUANT TO SECTION 363(h) (Miller 75 Property)

47. The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

48. 11 U.S.C. § 363(h) authorizes the Trustee to sell both the estate's interest in the property and the interest of any co-owner if:

> (1) partition in kind of such property among the estate and such co-owners is impractical;
>
> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property

      free of the interests of such co-owners;

(3)     the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4)     such property is not used in the production, transmission, or distribution, for sale, of electric energy or synthetic gas for heat, light, or power.

49.     Based upon the Debtor's schedules, the Debtor and Conrad are the co-owners of the Miller 75 Property.

50.     Partition in kind of the Miller 75 Property is impracticable, given the character of the property and the liens on the undivided interests of the Debtor and Conrad in the Co-Owned Properties.

51.     The sale of the Debtor's undivided interest in the Miller 75 Property would realize significantly less for the estate than sale of such property free of the interests of Defendants.

52.     The benefit to the estate of a sale of the Miller 75 Property free of the interests of the Defendants outweighs the detriment, if any, to Defendants, as Conrad will receive his share of the proceeds from the sale and would be permitted to purchase the interests of the Debtor at any liquidation of the Co-Owned Properties by the Trustee.

53.     Upon information and belief, the Miller 75 Property is not used in the production, transmission, or distribution of electric energy or of natural or synthetic gas for heat, light, or power.

54.     Based on the foregoing, the Trustee has the authority to sell both the estate's interest and Conrad's interest in the Miller 75 Property.

## COUNT III:
## SALE OF THE CO-OWNED PROPERTIES PURSUANT TO SECTION 363(h)
## (Miller 80 Property)

55.     The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

56.     11 U.S.C. § 363(h) authorizes the Trustee to sell both the estate's interest in the property and the interest of any co-owner if:

(1) partition in kind of such property among the estate and such co-owners is impractical;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or synthetic gas for heat, light, or power.

57. Based upon the Debtor's schedules, the Debtor and Conrad are the co-owners of the Miller 80 Property.

58. Partition in kind of the Co-Owned Properties is impracticable, given the character of the Miller 80 Property and the liens on the undivided interests of the Debtor and Conrad in the Co-Owned Properties.

59. The sale of the Debtor's undivided interest in the Miller 80 Property would realize significantly less for the estate than sale of such property free of the interests of Defendants.

60. The benefit to the estate of a sale of the Miller 80 Property free of the interests of the Defendants outweighs the detriment, if any, to Defendants, as Conrad will receive his share of the proceeds from the sale and would be permitted to purchase the interests of the Debtor at any liquidation of the Co-Owned Properties by the Trustee.

61. Upon information and belief, the Miller 80 Property is not used in the production, transmission, or distribution of electric energy or of natural or synthetic gas for heat, light, or power.

62. Based on the foregoing, the Trustee seeks authority to sell both the estate's interest and Conrad's interest in the Miller 80 Property.

### COUNT IV:
### SALE OF THE CO-OWNED PROPERTIES PURSUANT TO SECTION 363(h)
### (Nolts Property)

63. The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

64. 11 U.S.C. § 363(h) authorizes the Trustee to sell both the estate's interest in the property and the interest of any co-owner if:

    (1) partition in kind of such property among the estate and such co-owners is impractical;

    (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

    (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

    (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or synthetic gas for heat, light, or power.

65. Based upon the Debtor's schedules, the Debtor's Revocable Trust and Conrad are the co-owners of the Nolts Property.

66. Partition in kind of the Co-Owned Properties is impracticable, given the character of the Nolts Property and the liens on the undivided interests of the Debtor and Conrad in the Co-Owned Properties.

67. The sale of the Debtor's undivided interest in the Nolts Property would realize significantly less for the estate than sale of such property free of the interests of Defendants.

68. The benefit to the estate of a sale of the Nolts Property free of the interests of the Defendants outweighs the detriment, if any, to Defendants, as Conrad will receive his share of the proceeds from the sale and would be permitted to purchase the interests of the Debtor at any liquidation of the Co-Owned Properties by the Trustee.

69. Upon information and belief, the Nolts Property is not used in the production, transmission, or distribution of electric energy or of natural or synthetic gas for heat, light, or

power.

70. In light of the foregoing, the Trustee has the authority to sell both the estate's interest and Conrad's interest in the Nolts Property.

## PRAYER FOR RELIEF

WHEREFORE, the Trustee respectfully requests that this Court grant him the following relief against each of the Defendants:

1. Enter judgment in favor of the Trustee authorizing the Trustee to sell the Miller 75 Property, the Miller 80 Property and the Nolts Property free of Conrad D. Clement's co-ownership interest pursuant to 11 U.S.C. § 363(h);

2. Enter judgment in favor of the Trustee authorizing the Trustee to sell the Stewartville Property free of CUSB's co-ownership interest pursuant to 11 U.S.C. § 363(h); and

3. For such other and further relief as the Court deems just and equitable.

Dated: February 28, 2018

**GRAY PLANT MOOTY
MOOTY & BENNETT, P.A.**

By: */e/ Abigail M. McGibbon*
Abigail M. McGibbon (#0393263)
Phillip L. Kunkel (#58981)
80 South Eighth Street
500 IDS Center
Minneapolis, Minnesota 55402
Telephone: (612) 632-3009
Facsimile: (612) 632-4009
abigail.mcgibbon@gpmlaw.com

*Attorneys for Phillip L. Kunkel, as Trustee*

GP:4812-7427-3374 v1